THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CABA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FIGUEROA, Appellant. [808 NYS2d 13]—

Judgments, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered May 14, 2002, convicting each defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing defendant Caba to a term of 17 years to life, and sentencing defendant Figueroa, as a second felony offender, to a term of 23 years to life, unanimously affirmed.

We reject defendant Caba's challenges to the sufficiency and weight of the evidence against him. Defendants, each of whom

was in possession of a very large amount of cash, were seated in the back of a taxi, and defendant Figueroa was observed trying to kick a bag under the front seat. The bag held paper-wrapped brick-shaped objects, containing thousands of glassine envelopes of heroin with a total value in excess of $45,000. Caba was properly convicted under both the automobile presumption (Penal Law § 220.25 [1]) and the theory of constructive possession, and his argument that the evidence only established possession by Figueroa is unavailing. Caba was in sufficiently close proximity to Figueroa and the drugs to exercise joint dominion and control, and the jury could have reasonably concluded that a person in possession of a large and valuable quantity of drugs would not permit another person to be in close proximity unless they were both part of the same criminal enterprise and were joint possessors (*see People v Bundy*, 90 NY2d 918, 920 [1997]). Caba's arguments concerning the applicability of the automobile presumption, including his constitutional claims, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims we would reject them (*see e.g. People v Pratt*, 207 AD2d 671 [1994], *lv denied* 84 NY2d 1014 [1994]).

Defendants' claim that they were deprived of their right to a trial by a jury of 12 because 11 jurors allegedly engaged in deliberations in the absence of a juror who was having a brief colloquy with the court and counsel is a claim requiring preservation (*People v Ramirez*, 264 AD2d 666 [1999], *lv denied* 94 NY2d 828 [1999]), and we decline to review this unpreserved claim in the interest of justice. Moreover, even if we were to find that preservation was not required, this would not "dispense with the need for a factual record sufficient to permit appellate review" (*People v Kinchen* 60 NY2d 772, 774 [1983]). The record does not establish that deliberations occurred during the juror's absence, but only that a jury note arrived during the brief colloquy with the juror. The record is silent as to whether or not the note originated from deliberations conducted with all jurors present, and defendants did not request any clarifying inquiry of the jurors.

The court properly declined to deliver a missing witness charge. Defendants failed to meet their burden under *People v Gonzalez* (68 NY2d 424 [1986]), and the prosecutor never made any representations about this witness, express or implied, that served to satisfy defendants' burden.

The court properly received the testimony of the People's chemist concerning the total weight of the drugs. The chemist was fully qualified, and she adequately explained the statistical

sampling method of evaluating the weight of the heroin and the tests she conducted (*see People v Hill*, 85 NY2d 256, 261 [1995]; *People v Argro*, 37 NY2d 929 [1975]).

The record establishes that each defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Figueroa's arguments concerning the effect of the Drug Law Reform Act (L 2004, ch 738) as to the sentence imposed are without merit (*People v Walker*, 81 NY2d 661, 666-667 [1993]; *see also People v Nelson*, 21 AD3d 861 [2005]). We perceive no basis for reducing his sentence.

We have considered and rejected defendant's remaining claims, including those contained in Figueroa's pro se supplemental brief. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.