■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERZON CHATMAN, Appellant. [832 NYS2d 146]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered April 14, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

The court gave the jury a presummation explanation of the automobile presumption (*see* Penal Law § 220.25 [1]), in which it erroneously stated that the presumption only applied to drugs in "clear view," and it repeated this error in a remark it made during the prosecutor's summation. On appeal, defendant argues that this "clear view" requirement became the law of the case. He further argues that the evidence failed to establish that the drugs were in clear or open view, and in particular, that they were visible to defendant from his vantage point as driver.

Defendant failed to preserve his appellate challenge to the legal sufficiency of the evidence and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence was legally sufficient. We also find that the verdict was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490 [1987]). The court superseded its er-

roneous explanation of the presumption when, in its formal charge to the jury, as well as in its response to a jury note, it correctly stated the presumption without any reference to clear view. Moreover, the court instructed the jury that the automobile presumption was not the only possible basis for a conviction, and we conclude that the evidence would have warranted a conviction even without resort to the presumption (*see e.g. People v Bundy*, 90 NY2d 918, 920 [1997]; *People v Reisman*, 29 NY2d 278, 285-286 [1971], *cert denied* 405 US 1041 [1972]; *People v Caba*, 23 AD3d 291 [2005], *lv denied* 6 NY3d 810 [2006]).

Defendant's arguments concerning expert testimony and the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.