(June 4, 2015)

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DUNBAR, Appellant. [10 NYS3d 239]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 24, 2013, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to an aggregate term of $3^1/2$ years, unanimously affirmed.

Defendant has not preserved his challenge to the sufficiency of the evidence, or to the applicability of the automobile presumption (*see People v Caba*, 23 AD3d 291, 292 [1st Dept 2005], *lv denied* 6 NY3d 810 [2006]) and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. During a traffic stop of a vehicle in which defendant was a passenger, the police smelled a strong odor of PCP and recovered five vials containing a large quantity of pure PCP from a console, with an open lid, next to the passenger seat. The police also recovered large amounts of cash from defendant, from the co-defendant driver, and from the car. Defendant was properly convicted both under the automobile presumption (Penal Law § 220.25 [1]) and the theory of joint constructive possession. The jury could have reasonably concluded that "a person in possession of a large and valuable quantity of drugs would not permit another person to be in close proximity unless they were both part of the same criminal enterprise and were joint possessors" (*Caba*, 23 AD3d at 292; *see also People v Leyva*, 38 NY2d 160, 166-167 [1975]). In other words, the jury could have reasonably concluded that defendant was aware, and in joint control, of the PCP, not merely because it was noticeable, but

because he was part of the drug-trafficking operation that caused the PCP to be in the car in the first place.

Defendant did not preserve his claim that the driver's admission to the police that the vials contained PCP was relevant to his defense that the driver exclusively possessed the drugs (*see People v George*, 67 NY2d 817, 819 [1986]), or his constitutional claim (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review them in the interest of justice. In offering this statement by the driver, a codefendant who had pleaded guilty before trial, defendant merely asserted that the statement was not offered for its truth, but to show the codefendant's state of mind. However, defendant never explained how the codefendant's state of mind was relevant. As an alternative holding, we reject defendant's arguments, including his constitutional claim, on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). The codefendant's state of mind was relevant to whether the codefendant was a possessor of the drugs, but not to whether defendant was *also* a possessor. Unlike the situation in *People v Osorio* (75 NY2d 80, 86 [1989]), the codefendant's statement did not shift criminal liability away from defendant. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.