# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**462**

**KA 11-00324**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS G. WITT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 14, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]), defendant contends that County Court erred in refusing to suppress tangible evidence seized from the vehicle in which he was a passenger, as well as certain statements he made to a police officer, because the police lacked the requisite reasonable suspicion of criminal behavior to seize the parked vehicle. That contention is not preserved for our review (*see People v Sanders*, 224 AD2d 956, 956, *lv denied* 88 NY2d 885) and, in any event, it lacks merit.

Immediately prior to the police encounter, defendant was a passenger in a vehicle parked in a handicap zone outside of a Walmart store. A police officer responded to a report by the manager of a nearby supermarket that the vehicle had been involved in "an incident that had occurred" at her store. Based on that information, the officer approached the vehicle and asked defendant and the other two occupants if they had valid driver's licenses. None of the men produced a valid driver's license. One of the men identified himself as the owner of the vehicle, and he told the officer that a fourth man named "Roger," who was allegedly inside the Walmart store, had a valid license. Additional police officers arrived at the scene and attempted to locate "Roger" inside the Walmart and its immediate environs, but they were unsuccessful. Because none of the men in the

vehicle were licensed to operate the vehicle, the police asked the men to exit the vehicle in order to impound and tow it.  During the subsequent inventory search of the vehicle, the police located several stolen debit and credit cards.

In evaluating police conduct, a court "must determine whether the action taken was justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858; *see People v De Bour*, 40 NY2d 210, 222).  It is well settled that "the right to stop a moving vehicle is distinct from the right to approach the occupants of a parked vehicle" (*People v Spencer*, 84 NY2d 749, 753, *cert denied* 516 US 905).  Where police officers approach a vehicle that is already parked and stationary, the only level of suspicion necessary to justify that approach is an articulable, credible reason for doing so, not necessarily indicative of criminality (*see People v Ocasio*, 85 NY2d 982, 985; *People v Phillips*, 46 AD3d 1021, 1022, *lv denied* 10 NY3d 815).

Here, we conclude that the police officer "had an 'objective, credible reason' for approaching [the] parked vehicle and requesting information" based upon the supermarket manager's report (*People v Virges*, 118 AD3d 1445, 1445, quoting *Ocasio*, 85 NY2d at 984; *see People v Thomas*, 19 AD3d 32, 33, *lv denied* 5 NY3d 795), "thereby rendering the police encounter lawful at its inception" (*People v Cady*, 103 AD3d 1155, 1156; *see People v Riddick*, 70 AD3d 1421, 1422, *lv denied* 14 NY3d 844).  Upon requesting identification from defendant and the other two occupants of the vehicle, and learning that none of the three men had a valid driver's license, the police searched for the vehicle's purported fourth occupant who, they were told, had a valid driver's license.  The right of inquiry was elevated to the right to seize the vehicle after a search for the allegedly licensed driver was unsuccessful.  At that point, the officers had a reasonable suspicion either that the vehicle had been operated by an unlicensed driver, or that the vehicle was soon going to be operated by an unlicensed driver, and thus its impoundment and towing was lawful (*see People v Rhodes*, 206 AD2d 710, 710-711, *lv denied* 84 NY2d 1014; *People v Castillo*, 150 AD2d 957, 959, *lv denied* 74 NY2d 806).

Finally, we reject defendant's contention that he had standing to contest the propriety of the seizure of the vehicle.  Defendant failed to establish that he had any reasonable expectation of privacy in the vehicle in which he was merely a passenger (*see Rakas v Illinois*, 439 US 128, 142-143, *reh denied* 439 US 1122; *People v Washington*, 37 AD3d 1131, 1132, *lv denied* 8 NY3d 992).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court