# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1393**
**KA 12-02261**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

          V                             MEMORANDUM AND ORDER

TIMOTHY SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

TIMOTHY SMITH, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 15, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on the second and third counts of the indictment, and the fourth count of the indictment is dismissed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), the fifth degree (§ 220.06 [5]), and the seventh degree (§ 220.03). The charges arose from the seizure of a baggie containing crack cocaine from a vehicle in which defendant was a passenger. Contrary to defendant's contention, we conclude that County Court properly refused to suppress tangible property, including the crack cocaine, as the product of an allegedly illegal search. The evidence at the suppression hearing supports the court's determination that the conduct of the police "was justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858; *see People v De Bour*, 40 NY2d 210, 215). The police officer had an objective, credible reason to approach the parked vehicle and request information from its occupants (*see People v Ocasio*, 85 NY2d 982, 985; *People v Witt*, 129 AD3d 1449, 1450, *lv denied* 26 NY3d 937). After the officer observed defendant and another passenger acting suspiciously, the officer was justified in opening the door and

ordering the occupants out of the vehicle (*see People v Carter*, 60 AD3d 1103, 1105, *lv denied* 12 NY3d 924).  The officer then observed the baggie containing crack cocaine, which provided probable cause to seize the cocaine and arrest defendant (*see People v Robinson*, 38 AD3d 572, 573).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that "the verdict, based on the applicability of the automobile presumption . . . , is not against the weight of the evidence" (*People v Campbell*, 109 AD3d 1142, 1142, *lv denied* 22 NY3d 1039).  We reject defendant's contention that the court erred in denying his request for substitution of counsel, inasmuch as defendant did not explicitly request new counsel (*see People v Singletary*, 63 AD3d 1654, 1654, *lv denied* 13 NY3d 839), nor did his general complaints concerning counsel constitute a showing of good cause for such substitution (*see People v Watkins*, 77 AD3d 1403, 1404, *lv denied* 15 NY3d 956).

We agree with defendant, however, that the judgment of conviction should be reversed and a new trial granted because the court erred in summarily denying, as untimely, his request to proceed pro se (*see generally People v McIntyre*, 36 NY2d 10, 14).  "Although requests [to proceed pro se] on the eve of trial are discouraged, the Court of Appeals has found that a request may be considered timely when it is 'interposed prior to the prosecution's opening statement,' as here" (*People v Atkinson*, 111 AD3d 1061, 1062, quoting *McIntyre*, 36 NY2d at 18).

Finally, as the People correctly concede, the count of criminal possession of a controlled substance in the seventh degree should be dismissed as a inclusory concurrent count of either of the remaining charges (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390-391).

In view of our decision, we do not address the remaining contentions in defendant's main and pro se supplemental briefs.

Entered: December 31, 2015                          Frances E. Cafarell
                                                    Clerk of the Court