■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO ARIAS, Appellant. [38 NYS3d 145]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered May 11, 2012, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony drug offender, to a term of nine years, and judgments, same court and Justice, rendered June 15, 2012, convicting defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the third degree and bail jumping in the first degree, and sentencing him, as a second felony drug offender, to a concurrent aggregate term of six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury could reasonably have found that there was a satisfactory explanation for the fact that only one of several officers noticed the drugs at issue.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, concerning counsel's choice of suppression issues (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's decision not to challenge the predicate for the car stop that led to defendant's arrest was objectively unreasonable, or that it caused defendant any prejudice (*see People v Carver*, 27 NY3d 418, 420-421 [2016]). Such a challenge had little chance of success, because the hear-

ing evidence demonstrated that there was reasonable suspicion justifying the car stop. A cell phone tip that was anonymous (although potentially traceable) was accompanied by several indicia of reliability, including that it was in the form of a present sense impression (*see People v Vasquez*, 88 NY2d 561, 574-575 [1996] [recognizing reliability of present sense impressions]), and that it accurately predicted the movement of defendant's car. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.