■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McBRIDE, Appellant. [38 NYS3d 179]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered March 19, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's claim that his attorney rendered ineffective assistance by failing to move to reopen a suppression hearing based on trial testimony is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714

[1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's failure to move to reopen the hearing was objectively unreasonable, that the motion would have been granted, or that a reopened hearing was likely to have resulted in suppression of defendant's statement (*see People v Carver*, 27 NY3d 418, 420-421 [2016]).

In his trial testimony, the arresting officer revealed that, at the time defendant made a statement without receiving *Miranda* warnings (that a hearing court had found to be noncustodial), the officer had asked defendant for identification, had formed an intent to prevent defendant from leaving, and subjectively considered defendant to be under arrest. However, since there was no evidence that the operation of the officer's mind was conveyed to defendant, this new evidence would have had little bearing on the issue of custody. "A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation" (*Berkemer v McCarty*, 468 US 420, 442 [1984]; *see also Stansbury v California*, 511 US 318, 325 [1994]; *United States v Mendenhall*, 446 US 544, 554 n 6 [1980]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.