■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL J. WATKINS, Appellant. [57 NYS3d 841]—

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 20, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of marihuana in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of marihuana in the third degree (§ 221.20). Defendant contends that Supreme Court should have suppressed tangible evidence, i.e., a firearm and marihuana, that was seized from a parked vehicle occupied by defendant and an acquaintance on the ground that the police conducted an unlawful seizure by blocking the vehicle without the requisite reasonable suspicion of criminal behavior. Defendant's contention is not preserved for our review inasmuch as he failed to raise that specific contention in his motion papers or at the suppression hearing as a ground for suppressing the tangible evidence (*see People v Witt*, 129 AD3d 1449, 1449 [2015], *lv denied* 26 NY3d 937 [2015]), nor did the court expressly decide the question raised on appeal (*see* CPL 470.05 [2]; *People v Graham*, 25 NY3d 994, 997 [2015]; *People v Turriago*, 90 NY2d 77, 83-84 [1997], *rearg denied* 90 NY2d 936 [1997]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that defense counsel was ineffective for failing to seek suppression of the tangible evidence on the ground that the ostensible blocking of the vehicle constituted a seizure requiring reasonable suspicion. We reject that contention. It is well established that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709 [1988]). "To prevail on his claim, defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue colorable claims," and "[o]nly in the rare case will it be possible, based on the trial record alone, to deem counsel ineffective for failure to pursue a suppression motion" (*People v Carver*, 27 NY3d 418, 420 [2016] [internal quotation marks omitted]; *see Rivera*, 71 NY2d at 709). Here, defendant failed to demonstrate the absence of legitimate explanations for defense counsel's decision not to pursue suppression on the ground advanced by defendant on appeal (*see generally Rivera*, 71 NY2d at 709). We have reviewed defendant's remaining claims of ineffective assistance of defense counsel during trial and conclude that they lack merit (*see generally Carver*, 27 NY3d at 422; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject defendant's contention that the verdict is against the weight of the evidence with respect to the two counts of criminal possession of a weapon in the second degree. Viewing the evidence presented at trial in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *see generally People v Santiago*, 134 AD3d 472, 473 [2015], *lv denied* 27 NY3d 1006 [2016]), we conclude that, although a different result would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, " 'the verdict, based on the applicability of the automobile presumption . . . , is not against the weight of the evidence' " (*People v Smith*, 134 AD3d 1568, 1569 [2015]; *see People v Blocker*, 132 AD3d 1287, 1288 [2015], *lv denied* 27 NY3d 992 [2016]). In addition, given that defendant was the driver of the vehicle, was sufficiently close to his acquaintance and the firearm to exercise joint dominion and control over the firearm, and was found in possession of a valuable quantity of marihuana, the jury was also entitled to find defendant guilty pursuant to a theory of constructive possession on the basis that he jointly possessed the firearm with his acquaintance as part of the same criminal operation (*see People v Dunbar*, 129 AD3d 419, 419-420 [2015], *lv denied* 26 NY3d 1008 [2015]; *People v Caba*, 23 AD3d 291, 292 [2005], *lv denied* 6 NY3d 810 [2006]).

Although defendant failed to preserve for our review his further contention that the evidence is not legally sufficient to support the conviction because the People failed to adduce adequate evidence at trial that the firearm at issue was loaded with live ammunition, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (*People v Stepney*, 93 AD3d 1297, 1298 [2012], *lv denied* 19 NY3d 968 [2012]; *see Danielson*, 9 NY3d at 349-350). Contrary to defendant's contention, we conclude that the jury was entitled to find from the credible evidence, including the testimony of the firearm examiner who test-fired the ammunition submitted with the subject firearm, that defendant possessed an operable firearm loaded with live ammunition (*see* Penal Law § 265.00 [15]; *cf. People v Grice*, 84 AD3d 1419, 1420 [2011], *lv denied* 17 NY3d 806 [2011]; *People v Johnson*, 56 AD3d 1191, 1192 [2008]).

To the extent that defendant contends that the court erred in charging the jury with other theories of possession because the evidence did not support such charges, he failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Kendricks*, 23 AD3d 1119, 1119 [2005]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.