Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 7, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 460.50 (5).
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). Contrary to defendant’s contention, Supreme Court properly refused to suppress physical evidence seized during the execution of a search warrant for his residence. The court properly determined that the People established the confidential informant’s reliability and the basis of the informant’s knowledge to satisfy the Aguilar-Spinelli test (see People v Baptista, 130 AD3d 1541, 1541-1542 [4th Dept 2015], lv denied 27 NY3d 991 [2016]; People v Henry, 74 AD3d 1860, 1861-1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; see generally People v Bigelow, 66 NY2d 417, 423 [1985]). Defendant further contends that the court erred in determining that there was no search of the home before the warrant was signed. We reject that contention. The court credited testimony from police officers that they opened closet doors only to secure the premises and did not search the residence before obtaining the warrant, and it discredited the testimony of defendant’s wife that she heard drawers being opened. “It is well settled that great deference should be given to the determination of the suppression court, which had the opportunity to observe the demeanor of the witnesses and to assess their credibility, and its factual findings should not be disturbed unless clearly erroneous” (People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]). We see no reason to disturb the court’s determination.
 

 Defendant’s remaining contentions concerning the validity of the search warrant and the search are not preserved for our review inasmuch as he failed to raise them in his motion papers or at the suppression hearing (see People v Watkins, 151 AD3d 1913, 1913 [4th Dept 2017], lv denied 30 NY3d 984 [2017]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
 

 Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.