People v Fernandez (2018 NY Slip Op 00900)





People v Fernandez


2018 NY Slip Op 00900


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


2344N/11 5648A 3493N/11

[*1] The People of the State of New York, Respondent,
v
Salvador Fernandez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Salvador Fernandez, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgments, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 16, 2014, 2014, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, criminally using drug paraphernalia in the second degree, money laundering in the second degree (two counts) and bail jumping in the first degree, and sentencing him to an aggregate term of 8 to 21 years, unanimously affirmed.
Defendant's claim that his counsel rendered ineffective assistance with regard to the suppression proceedings in this case is unreviewable on direct appeal because it involves matters that are not fully explained by the record (see People v Carver, 27 NY3d 418, 420-421 [2016]; People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). The Court of Appeals has observed that an attorney's failure to pursue a particular suppression issue may be explained by, among other things, the attorney's recognition that success would be a remote possibility (see People v Gray, 27 NY3d 78, 82 [2016]). The attorney's analysis would not necessarily be reflected in an unexpanded record. Here, the existing record is insufficient to establish that any of counsel's alleged deficiencies in handling potential suppression issues was a product of his misunderstanding of the law. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal.
As an alternative holding, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case.
Upon our in camera review of sealed materials, we find that there was probable cause for defendant's arrest.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the conclusion that defendant conducted a transaction within the meaning of the money laundering statute.
Defendant also failed to preserve his claim that a court file admitted into evidence in support of the bail jumping charge did not qualify as a business record, and we decline to review [*2]it in the interest of justice. As an alternative holding, we find that the file was correctly admitted (see CPLR 4518).
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK