People v Fernandez (2020 NY Slip Op 01128)





People v Fernandez


2020 NY Slip Op 01128


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11053 2344N/11 3493N/11

[*1] The People of the State of New York, Respondent,
v
Salvador Fernandez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Order, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), entered on or about October 18, 2018, which denied defendant's CPL 440.10 motion to vacate a judgment rendered February 16, 2014, unanimously affirmed.
The court properly denied defendant's motion to vacate judgment, made on the ground of ineffective assistance of trial counsel, without granting a hearing. Defendant's motion contained no additional factual allegations beyond the existing record on direct appeal, including the undisputed fact that trial counsel did not raise several possible suppression issues. On that appeal, this Court found that "the existing record [was] insufficient to establish that any of counsel's alleged deficiencies in handling potential suppression issues was a product of his misunderstanding of the law" (158 AD3d 462, 463 [1st Dept 2018], lv denied 31 NY3d 1081 [2018]).
The CPL 440 motion was supported by an affirmation from appellate counsel citing trial counsel's alleged deficiencies regarding suppression issues. However, appellate counsel offered neither personal knowledge nor information and belief that would shed any new light on the critical issue of whether trial counsel's omissions resulted from his misunderstanding of the law, or whether they instead resulted from a reasonable belief that raising the additional suppression issues would be futile or undesirable. While we understand that appellate counsel made diligent efforts to obtain this information, defendant remains in the same position he was in on the direct appeal, that is, he is unable to "demonstrate the absence of strategic or other legitimate explanations," and "[a]bsent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment" (People v Rivera, 71 NY2d 705, 709 [1988][emphasis added]). In particular, trial counsel may have reasonably concluded that he had no nonfrivolous basis to contest the voluntariness of defendant's statements or his consent to a search of his apartment (see People v Carver, 27 NY3d 418, 420-421 [2016]; People v Gray, 27 NY3d 78, 82 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK