People v Smickle (2022 NY Slip Op 00278)





People v Smickle


2022 NY Slip Op 00278


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Ind. No. 213/15 Appeal No. 15096 Case No. 2019-1, 2017-02014 

[*1]The People of the State of New York, Respondent,
v
Randel Smickle, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 5, 2017, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The police had, at least, reasonable suspicion justifying a gunpoint stop. The officers received a radio report of a violent crime that had occurred minutes before. The suspect's description included a nongeneric combination of particular clothing items, and the report stated that the suspect was heading east on 30th Street. The description was sufficiently specific and accurate because of the close spatial and temporal proximity between the crime and the police encounter with defendant, who met the description and was the only person (meeting the description or otherwise) heading east on 30th Street (see People v Joyner, 176 AD3d 607, 607 [1st Dept 2019], lv denied 34 NY3d 1129 [2020]). In addition, a man pointed out defendant to the officers, saying "That's him," which the man would not have been likely to say unless he was reporting criminality (see id.).
Defendant's claim that his attorney rendered ineffective assistance by failing to move to reopen a suppression hearing based on trial testimony is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to move to reopen the hearing was objectively unreasonable, that the motion would have been granted, that a reopened hearing was likely to have resulted in suppression of any evidence, or that such suppression would have affected the outcome of the case (see People v Carver, 27 NY3d 418, 420-421 [2016]).
We reject defendant's argument that one of his second-degree robbery convictions, requiring proof of physical injury (Penal Law § 160.10[2][a]) was against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supported the conclusion that the victim's injury resulted in substantial pain (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]).
The ministerial act of giving the deliberating jury, upon their request, the verdict sheet that had been promised to the jury and preapproved by counsel did not implicate the principles of People v O'Rama (78 NY2d 270 [1991]).
We perceive no basis for [*2]reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022