People v Brown (2022 NY Slip Op 04261)

People v Brown

2022 NY Slip Op 04261

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

569 KA 18-00464

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILTON A. BROWN, JR., DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 19, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from a traffic stop of a vehicle in which he was a passenger and the subsequent search of the vehicle. Preliminarily, as defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Although defendant's purported appeal waiver is not enforceable, we nevertheless conclude that his contention concerning the scope of the search of the vehicle is not preserved for our review inasmuch as he failed to raise that contention in his motion papers or at the suppression hearing (see People v Lanaux, 156 AD3d 1459, 1460 [4th Dept 2017], lv denied 31 NY3d 985 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court