■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EDDIE VAUSS, JR., Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was denied his constitutional right. to effective assistance of counsel by trial counsel's failure to challenge the admissibility of defendant's statement to the police on the ground that it was obtained through violation of *Payton v New York* (445 US 573). The police arrested defendant in his motel room, without a warrant, after breaking the lock on the door. Although we need not pass on the question of whether a *Payton* violation occurred under such circumstances, the manner of the arrest and the critical nature of the evidence which flowed from it clearly required that the statement be challenged on this ground *(see, People v Sanin,* 84 AD2d 681, 682). Defense counsel's failure to address the *Payton* issue was a fatal deficiency rendering counsel's representation ineffective and not meaningful *(see, People v Baldi,* 54 NY2d 137, 147; *People v Sanford,* 148 AD2d 999; *People v Trait,* 139 AD2d 937, *lv denied* 72 NY2d 867; *People v Ferguson,* 114 AD2d 226, 230). In view of our holding, there is no need to review the other issues raised by defendant on appeal. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal possession of stolen property, second degree.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.