■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HOGLEN, Appellant.—Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings, in accordance with the following memorandum: Defendant was a passenger in a vehicle which was stopped at approximately 3:30 A.M. on May 15, 1987 in the Village of Fayetteville. Officer Fox, who made the stop, conceded that he had no report of any crime having been committed and he had observed no traffic violation. He stated that he stopped the vehicle because the driver appeared to be young. Upon questioning the four occupants of the vehicle, the officer became suspicious and transported them to the Town of Manlius Police Department. Jewelry and liquor were seized from the vehicle. Under questioning by the police, defendant admitted that he entered the apartment of Dorothy Golly and tied her with various items of clothing while his accomplice, Louise Pitcher, who was Golly's niece, searched the house for valuables. Ms. Golly was later found dead of asphyxiation.

In his pretrial omnibus motion, defense counsel requested a hearing to challenge the voluntariness of defendant's statements to police. He did not challenge the stop of the vehicle or the validity of defendant's arrest until he concluded his cross-examination of Officer Fox at trial. At that point, counsel moved orally to suppress the physical evidence and defendant's statements on the ground that they were the products of an illegal arrest. Counsel argued that he was previously

unaware of the facts to justify the motion, but the court, after ascertaining that counsel had possession of all police reports well in advance of trial, denied the motion without a hearing on the basis that it was untimely (see, CPL 255.20 [1]; 710.40 [2]).

Given the circumstances of which counsel apparently was aware, there can be no doubt that he had a duty to move in a timely fashion to suppress defendant's statements to police on the basis that they were the product of an illegal arrest. "[T]he manner of the arrest and the critical nature of the evidence which flowed from it clearly required" that the admissibility of the statements be challenged on that basis (People v Vauss, 149 AD2d 924; see also, People v Ferguson, 114 AD2d 226; People v Sanin, 84 AD2d 681). While counsel's failure to move timely on this important subject is not to be excused (see, People v Vauss, supra), we conclude nevertheless that the court improvidently exercised its discretion in summarily denying the motion. While ordinarily, the time constraints of CPL 255.20 should be strictly applied, the trial court, by virtue of counsel's tardy motion for a hearing, was in a position to remedy counsel's error. The applicable statute provides that "in the interest of justice, and for good cause shown, [the court] may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits" (CPL 255.20 [3]). Here, given the apparent merit of the motion, the court's discretion should have been exercised to grant a suppression hearing.

We remit the matter for the court to conduct a suppression hearing and make findings of fact essential to the determination of the motion (see, CPL 710.60 [5]; People v Ferguson, supra). (Appeal from judgment of Onondaga County Court, Burke, J.—murder, second degree, and other charges.) Present —Dillon, P. J., Doerr, Pine, Balio and Lawton, JJ.