OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified and the case remitted to Supreme Court, New York County, for a hearing on defendant’s motion to suppress evidence.
This case presents the same issue as People v Giles (73 NY2d 666), albeit with one notable difference: once Supreme Court, New York County, denied defendant’s motion to suppress, defendant pleaded guilty to two counts of criminal possession of a weapon in the third degree and one count of criminal possession of a controlled substance in the seventh degree, rather than proceeding to trial as did his codefendant Giles. In People v Giles (supra), we held that the Appellate Division did not have the power to rely upon later-developed trial evidence to retrospectively decide the merits of an unlitigated suppression motion. Therefore, the Appellate Division erred in granting defendant’s motion to suppress and dismissing the indictment by relying upon the facts as established by a trial record rather than a suppression hearing record. That error was compounded in this case, however, when the court failed to confine itself to the facts and law before it and relied upon the facts developed in a wholly separate case.
We remit this case directly to Supreme Court, for a hearing on defendant’s motion to suppress evidence. If defendant prevails, then the indictment against him should be dismissed, or if the People prevail, then the judgment should be amended to reflect that determination.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.