■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PRICE, Appellant. [789 NYS2d 242]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered January 17, 2001, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crime of criminal possession of a controlled substance in the first degree beyond a reasonable doubt. Although the defendant was not in actual possession of the narcotics, the testimony established that he had constructive possession of the cocaine recovered from his residence (*see People v Torres*, 68 NY2d 677 [1986]; *People v Hodge*, 141 AD2d 843 [1988]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, evidence of his drug operation was properly admitted into evidence to establish his knowledge of and exercise of dominion and control over the cocaine recovered in this case, and the jury was properly instructed on this issue (*see People v Satiro*, 72 NY2d 821 [1988]; *People v Bright*, 210 AD2d 244 [1994]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. Viewing the record as a whole, the defendant received meaningful representation (*see People v Henry*, 95 NY2d 563 [2000]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Flores*, 84 NY2d 184 [1994]; *People v Baldi*, 54 NY2d 137 [1981]). Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.