# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1309

KA 09-00746

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. LAYOU, DEFENDANT-APPELLANT.

---

MICHAEL J. LAYOU, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 6, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by remitting the matter to Onondaga County Court for further proceedings on the suppression application and as modified the judgment is affirmed in accordance with the following Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that he did not receive effective assistance of counsel from the attorney assigned to represent him at his suppression hearing. We agree. While defendant was alone in his motor vehicle in the parking lot of a government building during the early morning hours of December 8, 2007, he was approached by a police officer who observed a spark of fire, as if from a cigarette, from inside the vehicle. With the aid of a flashlight, the officer observed a knife on the floor in the back seat of defendant's vehicle. The officer also observed, at defendant's feet, a glass pipe and small clear bag containing a white chunky substance that turned out to be cocaine. After ordering defendant out of the vehicle and handcuffing him, the officer recovered the knife and discovered, upon closer inspection, that it was an illegal switchblade. In response to questioning from the officer, defendant made an incriminating statement regarding the knife. At the police station, the police found a half ounce of cocaine and some marihuana in defendant's underwear. The grand jury indicted defendant on charges of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the third degree.

Although defendant's assigned attorney filed an omnibus motion on

defendant's behalf, he did not move to suppress the knife or the cocaine, nor did he request a *Huntley* hearing with respect to defendant's incriminating statement made to the arresting officer. Defendant filed a pro se motion, however, seeking suppression of all evidence obtained by the police as a result of what he claimed was an unlawful search and seizure.  More specifically, defendant asserted that he was "doing nothing illegal" when approached by the officer, who had no legal basis for searching his vehicle.

At the next court appearance, County Court engaged in a colloquy with defendant regarding whether he wished to proceed pro se. Defendant stated, inter alia, that he "didn't mind" having defense counsel represent him but that he had "never spoken" to defense counsel.  Defense counsel, in turn, stated that he was "not opposed" to defendant proceeding pro se.  The court did not relieve defense counsel of the assignment and granted defendant's pro se request for a *Huntley/Mapp* hearing.  The arresting officer was the only witness to testify at the suppression hearing.  Although defense counsel cross-examined the officer, he made no argument in support of suppression. The court later issued a written decision suppressing the statement defendant made to the officer regarding the knife but denying suppression of the knife itself and the drugs.  According to the court, the officer was justified in approaching defendant's vehicle because it was located in a "no parking area," and the officer observed the knife and cocaine in plain view, which gave rise to probable cause.

For reasons not set forth in the record, the court thereafter relieved defense counsel of the assignment and appointed new counsel for defendant.  Defendant eventually pleaded guilty to the felony drug offense in return for a sentence promise of a six-year determinate term of imprisonment plus five years of postrelease supervision, and the weapons count was dismissed in satisfaction of the plea.  Prior to sentencing, however, defendant moved to withdraw his plea.  In support of the motion, defense counsel submitted an affirmation in which he asserted that, based on his own investigation, he determined that the only "No Parking" sign in the parking lot where defendant was arrested had been bent to the ground "some time ago" and thus could not be seen.  Defense counsel also submitted an affidavit from a witness who observed defendant being arrested and stated that there were no "No Parking" signs in the lot at the time.  The court denied defendant's motion and imposed the promised sentence.  This appeal ensued.

The facts of this case are similar to those in *People v Clermont* (22 NY3d 931), where the Court of Appeals held that the defendant was deprived of effective assistance of counsel at his suppression hearing.  The Court reasoned that defense counsel's failure to marshal the facts adduced at the hearing, "coupled with his failure to make appropriate argument in his motion papers or to submit a post-hearing memorandum, meant that the defense never supplied the hearing court with any legal rationale for granting suppression" (*id.* at 933).  The Court went on to note that, after the motion court issued a decision that described the facts in a manner inconsistent with the testimony at the hearing, defense counsel did not move to reargue the motion or

otherwise correct the court's apparent factual error.  According to the Court, defense counsel's conduct could not be explained as "strategic" and, therefore, "defendant was not afforded meaningful representation at a critical stage of th[e] prosecution" (*id.* at 934).

Notably, the Court in *Clermont* rejected the People's contention that "the conviction should be affirmed because there is record support for the order denying suppression and defendant has failed to establish prejudice" (*id.*), explaining that "it is not necessary for us to discuss the merits of the suppression issue to decide the ineffective assistance claim, other than to note that, on appeal, the parties have presented substantial arguments for and against suppression and the issue is close under our complex *DeBour* jurisprudence."  The Court "conditionally" modified the judgment by remitting the matter to Supreme Court "for further proceedings on the suppression application, to include legal argument by counsel for both parties and, if defendant so elects, reopening of the hearing" (*id.*).

Here, as in *Clermont*, suppression was the only viable defense strategy.  Nevertheless, defense counsel inexplicably failed to move for suppression of the cocaine or the knife seized by the police from defendant's vehicle.  Defense counsel also failed to move for suppression of defendant's incriminating statement to the officer about the knife, which the court thereafter suppressed in response to defendant's pro se motion.  Like the attorney in *Clermont*, defense counsel did not marshal the facts for the court, made no legal argument regarding suppression, and submitted no post-hearing memorandum.  In short, as in *Clermont*, defense counsel "never supplied the hearing court with any legal rationale for granting suppression" (*id.* at 933).

Although the attorney in *Clermont* failed to move for reargument after the court misstated the facts in its suppression decision, which did not occur here, defense counsel in this case did not even move for suppression, as did counsel in *Clermont*.  Moreover, defense counsel represented defendant for approximately six months and did not once meet with him.

Under the circumstances, we conclude that defendant did not receive effective assistance of counsel from the attorney who represented him at the suppression hearing.  We have reviewed defendant's remaining contentions and conclude that they are either moot or lack merit.  We therefore, as in *Clermont*, conditionally modify the judgment by remitting the matter to County Court for "further proceedings on the suppression application, to include legal argument by counsel for both parties and, if defendant so elects, reopening of the hearing" (*id.* at 934).  In the event that defendant prevails on the suppression application, the judgment is reversed, the plea is vacated and the indictment is dismissed and, if the People prevail, then the judgment "should be amended to reflect that result" (*id.* at 932).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court