Judgment, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), rendered July 23, 2010, as amended August 4, 2010, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 *619 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning identification and credibility. Notwithstanding any deficiencies in the identification testimony, defendant was connected to the crime by other evidence. Among other things, the victim’s watch was in defendant’s immediate proximity at the time of his prompt apprehension, and there was no reasonable innocent explanation for that circumstance (see generally People v Galbo, 218 NY 283, 290 [1916]).
The court properly denied defendant’s suppression motion. Defendant’s present arguments are entirely unpreserved and we decline to review them in the interest of justice. We note that the People were never placed on notice of any need to develop the record (see People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011 [1976]) as to how, after losing sight of a person who fled from a car involved in the robbery, the pursuing officer determined that defendant was this person. As an alternative holding, we find that the hearing record, and reasonable inferences to be drawn therefrom, support the conclusion that the officer had reasonable grounds to believe that defendant was the same person he had just been chasing, and that the police conduct was lawful in all respects. Concur — Sweeny, J.B, Acosta, Saxe, Manzanet-Daniels and Clark, JJ.