[49 NE3d 1155, 29 NYS3d 863]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID BILAL, Appellant.

Argued February 11, 2016; decided March 31, 2016

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Rachel T. Goldberg* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Philip Morrow* and *David M. Cohn* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by remitting to Supreme Court for a suppression hearing. In the event that defendant prevails at the suppression hearing, a new trial should be ordered; alternatively, in the event that the People prevail, the judgment should be amended to reflect that result. As so modified, the order should be affirmed.

On this record and in light of the issues framed by the parties in connection with defendant's CPL 440.10 motion, we conclude that defendant was denied the effective assistance of counsel. In this case, defendant was indicted on a charge of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]), and defense counsel failed to move to suppress the gun that was recovered during defendant's encounter with the police. Defendant established, through his counsel's affidavit, that there was no "strategic or other legitimate explanation[ ]" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for defense counsel's failure to file a motion to suppress. Thus, we conclude that counsel did not provide defendant with meaningful representation under these particular circumstances. Accordingly, defendant is entitled to a suppression hearing and, if he prevails at the hearing, a new trial, but if the People prevail, the judgment should be amended to reflect that result (*see People v Clermont*, 22 NY3d 931, 934 [2013]; *People v Millan*, 69 NY2d 514, 521-522 [1987]).

Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Order modified by remitting to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.