THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE VELEZ, Appellant. [30 NYS3d 218]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered September 6, 2012, convicting her of criminal possession of a controlled substance in the fourth degree and criminal possession of marijuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

While looking out of a second floor window of the Red Hook courthouse located at 88 Visitation Place, Brooklyn, a New York City police detective observed marijuana plants growing in a yard behind a residence adjacent to the courthouse. A search warrant was obtained which authorized a search of "86 Visitation Place, yard and residence, Brooklyn, NY." Police executed the search warrant and recovered, among other things, marijuana plants growing in the yard and in a potted plant located on an outside roof landing. During the execution of the search warrant, packaged cocaine and a quantity of money were recovered from a bicycle tire tube located inside a shed in the backyard. The defendant owns the residence located at 86 Visitation Place and lives there.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and criminal possession of marijuana in the fourth degree (Penal Law § 221.15) beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The evidence established that the defendant exercised a sufficient level of dominion and control over the shed, yard, and residence where the marijuana and cocaine were found to support the jury's finding that she constructively possessed the marijuana and cocaine (see People v Manini, 79 NY2d 561, 573 [1992]; People v Price, 14 AD3d 718 [2005]; People v Nunziata, 10 AD3d 695 [2004]).

The defendant's contention that her Fourth Amendment

rights were violated by the warrantless search of the shed located in her yard is unpreserved for appellate review, as she failed to move to controvert the search warrant on that basis. We conclude, however, as alleged by the defendant, that the failure of her counsel to move to suppress the evidence seized as a result of the warrantless search of the shed deprived her of her right to the effective assistance of counsel.

The standard of review applicable to a claim of ineffective assistance of counsel is whether, under the circumstances of the case, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]). The failure to move to suppress physical evidence does not per se compel a finding that the defendant received less than effective assistance of counsel (*see People v Lockhart*, 167 AD2d 427 [1990]). Rather, such a failure will only constitute ineffective assistance when the defendant establishes that no strategic or other legitimate explanation exists for counsel's failure to seek a suppression hearing (*see People v Rivera*, 71 NY2d 705 [1988]).

Here, the search of the shed exceeded the scope of the warrant, which authorized the search of the defendant's residence and yard only (*see People v Caruso*, 174 AD2d 1051 [1991]). Defense counsel had everything to gain and nothing to lose by moving to suppress the evidence seized during the warrantless search of the shed (*see People v Sinatra*, 89 AD2d 913, 915 [1982]; *People v Donovan*, 184 AD2d 654, 655 [1992]), and it appears that defense counsel's omission vitiated a viable defense, causing actual prejudice to the defendant (*see People v Sullivan*, 153 AD2d 223 [1990]; *People v Morris*, 100 AD2d 630 [1984], *affd* 64 NY2d 803 [1985]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial.

The defendant's contention that she was deprived of her right to a speedy trial is without merit (*see* CPL 30.30).

The defendant's remaining contentions are without merit. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.