SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

741
KA 13-01825
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

ROBERT CARTER, DEFENDANT-APPELLANT.
_____

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.
-----------------------------------------------------------------------

     Appeal from a judgment of the Onondaga County Court (Thomas J.
Miller, J.), rendered March 7, 2013.  The judgment convicted
defendant, upon his plea of guilty, of criminal possession of a weapon
in the second degree.

     It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by remitting the matter to Onondaga
County Court for a suppression hearing and as modified the judgment is
affirmed in accordance with the following memorandum:  Defendant
appeals from a judgment convicting him, upon his plea of guilty, of
criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]).  Defendant's guilty plea to that count was in
satisfaction of an indictment that also charged him with robbery in
the first degree (§ 160.15 [4]).  Defendant contends that the gun, his
oral statements to the police, and the complainant's identification
testimony should be suppressed as the fruit of an unlawful police
encounter (*see generally People v De Bour*, 40 NY2d 210, 223).  As an
initial matter, we agree with the People that defendant's contention
is not preserved for our review inasmuch as defendant failed to assert
unlawful police action as a basis for suppression in his omnibus
motion (*see* CPL 470.05 [2]).  The People were thus "never placed on
notice of any need to develop the record . . . as to the particular
issue defendant now raises" (*People v Jie Chen*, 129 AD3d 548, 549; *see
People v Ramos*, 116 AD3d 618, 619, *lv denied* 23 NY3d 1041).  Although
County Court made factual findings with respect to defendant's
encounter with the police, we note that such findings were not made
"in re[s]ponse" to defendant's protest (CPL 470.05 [2]).  We note,
moreover, that the court's factual findings are not supported by the
evidence at the *Wade/Huntley* hearing; instead, they appear to be based
upon the unsworn police report of the arresting officer, who did not
testify, and the police report was not admitted in evidence.  We
therefore cannot address the substance of defendant's suppression

contention.

Defendant further contends that defense counsel failed to provide him with effective assistance of counsel by failing to seek suppression of the above-mentioned evidence on the ground of unlawful police action. We agree. Although defense counsel otherwise competently represented defendant, we conclude that this single omission deprived defendant of meaningful representation (*see generally People v Turner*, 5 NY3d 476, 480). Suppression of the gun that was seized as a result of defendant's encounter with the police would have been dispositive of the count charging defendant with criminal possession of a weapon (*see People v Clermont*, 22 NY3d 931, 934; *see generally People v Bilal*, 27 NY3d 961, 962). With respect to the police encounter, the record on appeal contains only the arresting officer's report. Based upon that report, we conclude that the suppression "issue is [a] close [one] under [the] complex *De Bour* jurisprudence" (*Clermont*, 22 NY3d at 934). Thus, we cannot conclude that a motion to suppress the evidence on the ground now asserted on appeal would have little or no chance of success (*see People v Caban*, 5 NY3d 143, 152). We further conclude that defendant's contention survives his guilty plea inasmuch as the error in failing to seek suppression of the weapon infected the plea bargaining process because suppression of the weapon would have resulted in dismissal of that count of the indictment (*see generally People v Atkinson*, 105 AD3d 1349, 1350, *lv denied* 24 NY3d 958).

"Accordingly, defendant is entitled to a suppression hearing" with respect to the legality of the police encounter (*Bilal*, 27 NY3d at 962). We therefore "conditionally modify the judgment by remitting th[e] matter to [County] Court" for further proceedings (*Clermont*, 22 NY3d at 934; *see People v Layou*, 114 AD3d 1195, 1198). In the event that defendant prevails at the suppression hearing, the judgment is reversed, the plea is vacated, count three of the indictment is dismissed, and the matter is remitted to County Court for further proceedings on count one of the indictment and, if the People prevail, then the judgment should be amended to reflect that result (*see Bilal*, 27 NY3d at 961-962; *Clermont*, 22 NY3d at 932; *Layou*, 114 AD3d at 1198-1199). In light of our determination, we need not address defendant's remaining contention.

Entered: September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court