■ The People of the State of New York, Respondent, v Vincent Zeh, Appellant. [42 NYS3d 373]—

Aarons, J. Appeal, by permission, from an order of the

---

County Court of Ulster County (McGinty, J.), entered February 19, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, after a hearing.

After a jury trial, defendant was convicted of murder in the second degree for killing his estranged wife. On defendant's direct appeal, we affirmed the judgment of conviction (289 AD2d 692 [2001]). We noted, however, that defendant's claim of ineffective assistance of counsel could not be resolved on the direct appeal and that "prudence dictate[d]" that it be evaluated in the context of a motion made under CPL article 440 (*id.* at 695). Defendant thereafter moved to vacate the judgment under CPL 440.10 on the basis that he received the ineffective assistance of counsel. County Court denied defendant's CPL 440.10 motion without a hearing, which order we subsequently affirmed (101 AD3d 1353 [2012]). The Court of Appeals reversed our order (22 NY3d 1144 [2014]) and remitted the matter to County Court for an evidentiary hearing on defendant's CPL 440.10 motion. After a hearing, in which defense counsel was the sole witness, County Court denied defendant's motion. Defendant now appeals upon permission by this Court.

In his brief, defendant concedes that his counsel "performed adequately at the trial itself" and instead bases his ineffective assistance of counsel contention on his counsel's failure to move to suppress his statements made during his 26-hour interrogation and the physical evidence obtained as a consequence of six search warrants. Indeed, we noted on defendant's direct appeal from the judgment of conviction that it was "troubling" that counsel failed to make any pretrial motions "[g]iven the critical nature of defendant's oral statements to police and the seized physical evidence" (289 AD2d at 694). We now conclude that such failure deprived defendant of meaningful representation.

Both the US and NY Constitutions guarantee a criminal defendant's right to the effective assistance of counsel (*see* US Const 6th Amend; NY Const, art I, § 6). While the failure of counsel to make a pretrial suppression motion generally does not necessarily equate to a deprivation of meaningful representation (*see People v Vonneida*, 130 AD3d 1322, 1322-1323 [2015], *lv denied* 26 NY3d 1093 [2015]; *People v Miller*, 11 AD3d 729, 730 [2004]; *People v Montgomery*, 293 AD2d 773, 774 [2002], *lv denied* 98 NY2d 699 [2002]), counsel may still be deemed ineffective in the rare case where a defendant shows the absence of a strategic or legitimate explanation in counsel's strategy not to pursue a suppression motion (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Langlois*, 265 AD2d

683, 685 [1999]). To that end, "counsel's subjective reasons for . . . this strategy [are] immaterial" (*People v Satterfield*, 66 NY2d 796, 799 [1985]). Ineffective assistance of counsel lies when the representation falls below an objective standard of reasonableness (*see People v Turner*, 5 NY3d 476, 479-480 [2005]; *People v Benevento*, 91 NY2d 708, 712-713 [1998]).

Regarding counsel's decision not to seek suppression of defendant's oral statements from the April 1997 interrogation, counsel testified at the hearing that it was his strategy to show at trial that defendant was cooperative with the police officers. Yet, counsel admitted that this interrogation, in which defendant was questioned over a 26-hour period by successive teams of investigators, placed in handcuffs and wore a prison jumpsuit, was "unusual." In light of the duration and circumstances of this interrogation, a colorable basis existed to challenge defendant's statements as illegally coerced (*see People v Carnevale*, 101 AD3d 1375, 1380-1381 [2012]; *People v Cyrus*, 48 AD3d 150, 159 [2007], *lv denied* 10 NY3d 763 [2008]).

Defendant also had a colorable basis to argue that his oral statements were obtained in violation of his right to counsel under *People v Cohen* (90 NY2d 632 [1997]). In February 1997, prior to the stabbing of defendant's wife, defendant was arrested and questioned in connection with an incident where he wielded a gun and feigned a suicide attempt in an effort to gain the attention of his wife. Defendant was represented by an attorney at that time. Notably, the same officers involved in that February 1997 questioning were also involved in the April 1997 interrogation. Notwithstanding this overlap, in the latter interrogation, defendant was questioned about both incidents and, when defendant had requested an attorney, the officers informed him that it was "too late." Furthermore, counsel acknowledged at the CPL article 440 hearing that the People, at trial, used the February 1997 incident to establish defendant's motive for killing his wife. Taking into account the temporal proximity of these incidents and the fact that defendant was ultimately charged in a single indictment with menacing in the second degree and reckless endangerment in the second degree stemming from the February 1997 incident and with murder in the second degree stemming from the April 1997 stabbing, we cannot conclude that it would have been futile had counsel argued that defendant's statements were obtained in violation of his right to counsel (*see generally People v Cohen*, 90 NY2d at 640-642; *People v Ermo*, 47 NY2d 863, 865 [1979]).

If anything, "counsel had everything to gain and nothing to

lose by moving to suppress the [oral statements]" (*People v Velez*, 138 AD3d 1041, 1042 [2016], *lv denied* 28 NY3d 938 [2016]). This is not to say that counsel must always seek to suppress evidence, and we reiterate that counsel is not ineffective for failing to make meritless motions (*see People v Kindred*, 100 AD3d 1038, 1041 [2012], *lv denied* 21 NY3d 913 [2013]). Under the circumstances of this case, however, had counsel taken steps to suppress statements from the interrogation, the potential upside would have been the exclusion of the inconsistent statements, which, as the record reveals and our decision in defendant's direct appeal from the judgment noted (289 AD2d at 693), was damaging to defendant and heavily relied upon by the People. Another potential gain would have been a basis to exclude the seized physical evidence obtained by the search warrants inasmuch as these warrants were secured, in part, by information obtained from defendant's interrogation (*see People v Weinman*, 90 AD2d 220, 226 [1982]). Indeed, with respect to this physical evidence, counsel recognized that, by not seeking to suppress the physical evidence on which blood had been found, he had to explain the blood's presence to the jury. He further admitted that the People's case would have been weaker had this physical evidence been excluded. While we do not pass on whether counsel would have been ultimately successful in suppressing either defendant's oral statements or the seized physical evidence, we do conclude that a colorable basis existed for seeking suppression. Given the potential benefit in doing so, we discern no strategic or legitimate reason to let any of this crucial evidence come in unabated at trial (*see People v Carter*, 142 AD3d 1342, 1343 [2016]; *People v Carnevale*, 101 AD3d at 1381; *People v Vauss*, 149 AD2d 924, 924 [1989]).

Counsel articulated his strategy for not pursing suppression proceedings, but our inquiry focuses on whether such strategy was a product of a reasonably competent attorney (*see People v Colburn*, 123 AD3d 1292, 1296 [2014], *lv denied* 25 NY3d 950 [2015]). Counsel maintained that defendant wished to testify at trial and, as such, he did not want defendant subjected to additional testimony that could be used against him. Counsel, however, was under no obligation to call defendant as a witness in a suppression hearing. Moreover, any attempt to suppress defendant's oral statements or the seized physical evidence at the very least gives rise to the option of revisiting and discussing with defendant whether testifying at trial would be beneficial, as well as the option of obviating the need for defendant to testify at trial. By not taking any action, however, counsel limited his defense strategy and essentially foreclosed

such options. Accordingly, we find that this case represents one of those rare instances where the failure to seek suppression of evidence deprived defendant of his constitutional right to meaningful representation (*see People v Carnevale*, 101 AD3d at 1382). In light of our determination, the matter must be remitted to County Court for a suppression hearing (*see People v Bilal*, 27 NY3d 961, 962 [2016]).

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur. Ordered that the order is reversed, on the law, motion granted, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.