People v Dearstyne (2020 NY Slip Op 02951)





People v Dearstyne


2020 NY Slip Op 02951


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

110149

[*1]The People of the State of New York, Respondent,
v
Frank W. Dearstyne Jr., Appellant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Frank W. Dearstyne Jr., Saratoga Springs, appellant pro se.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



Pritzker, J.
Decided and Entered: May 21, 2020 110149
THE PEOPLE OF THE STATE OF
NEW YORK,
Respondent,
v MEMORANDUM AND ORDER
FRANK W. DEARSTYNE JR.,
Appellant.
Calendar Date: March 26, 2020
Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds
Fitzgerald, JJ.
Frank W. Dearstyne Jr., Saratoga Springs, appellant
pro se.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.
Pritzker, J.
Appeal from an order of the County Court of Rensselaer County (Young, J.), entered August 30, 2017, which, upon remittal from the United States Court of Appeals for the Second Circuit, determined that defendant's statements were voluntary.
In 1986, at the age of 16, defendant made a written statement admitting to law enforcement that he had committed certain sexual acts against a three-year-old child. He was charged in a 10-count indictment with various sex-related offenses against that child and two other children. Defendant moved to suppress this statement and, after a hearing, County Court (Dwyer, J.) denied the motion, finding that the voluntariness of the statement presented a question of fact for the jury to resolve. Following a jury trial, defendant was convicted of attempted rape in the first degree, aggravated sexual abuse in the first degree and two counts of endangering the welfare of a child. He was denied youthful offender treatment and sentenced to a prison term of 4 to 12 years for the conviction of attempted rape in the first degree, a consecutive term of 6 to 18 years for the conviction of aggravated sexual abuse in the first degree and lesser concurrent terms on the remaining convictions. Defendant appealed, and this Court affirmed (230 AD2d 953 [1996], lv denied 89 NY2d 921 [1996]). The appeal included a challenge to the voluntariness of defendant's statement, including an argument that his statement should have been suppressed because law enforcement intentionally isolated him from his parents during interrogation — a claim that this Court rejected (id. at 957-958).
In 2015, defendant filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of New York, asserting, in relevant part, that County Court violated Jackson v Denno (378 US 368 [1964]) by failing to adjudicate the voluntariness of his confession in its decision on his suppression motion (see People v Huntley, 15 NY2d 72, 74 [1965]). The District Court dismissed the petition (Dearstyne v Mazzuca, 2015 WL 5012589, *3, 2015 US Dist LEXIS 110557, *6 [ND NY, Aug. 21, 2015, No. 9:04-CV-741 (FJS/VEB)]). Upon defendant's appeal, the United States Court of Appeals for the Second Circuit reversed and remanded the matter for the entry of a judgment conditionally granting the writ of habeas corpus and ordering defendant's release from custody, unless a court of this state adjudicated the voluntariness of his confession within 90 days (Dearstyne v Mazzuca, 679 F Appx 21, 24 [2d Cir 2017]). The Second Circuit specifically directed a state court to assess whether the police intentionally isolated defendant from his parents and whether defendant was subject to coercive interrogation techniques.[FN1] Approximately two months later, after a new suppression hearing, County Court (Young, J.) issued an order determining that defendant's confession was voluntary and expressly rejecting the two issues identified by the Second Circuit. Defendant appeals from County Court's order.
Although not raised by the parties, we must first address the threshold issue of the appealability of County Court's order. Indeed, an order denying a defendant's suppression motion is an unreviewable intermediate order (see CPL 450.10). Ordinarily, in the course of a criminal proceeding, suppression hearings occur prior to a judgment of conviction and are reviewed incident to the direct appeal from that judgment. Nevertheless, there are cases, including the instant appeal, where a suppression hearing occurred after entry of a judgment of conviction (see People v Bilal, 27 NY3d 961, 962 [2016]; People v Victor, 74 NY2d 874, 876 [1989]; People v Millan, 69 NY2d 514, 521 [1987]; People v Carter, 142 AD3d 1342, 1343 [2016]; People v Layou, 114 AD3d 1195, 1198 [2014]; see also People v Santos, 68 NY2d 859, 860 [1986]). In each of these cases, the trial court was specifically instructed that, if the defendant did not prevail in the suppression hearing, the judgment of conviction should be amended to reflect that fact (see People v Bilal, 27 NY3d at 962; People v Victor, 74 NY2d at 876; People v Millan, 69 NY2d at 521; People v Carter, 142 AD3d at 1343; People v Layou, 114 AD3d at 1198; see also People v Santos, 68 NY2d at 860). Here, however, the Second Circuit did not advise County Court to take this step (see Dearstyne v Mazzuca, 679 F Appx at 24), and there is no evidence in the record that an amended judgement of conviction was entered after the People prevailed at the suppression hearing.
Accordingly, because an amended judgment of conviction has not been entered, we must dismiss this appeal. This harsh outcome appears at odds with the federal habeas corpus remand, which, in our view, was intended to permit review of the suppression hearing until finally decided by the court of last resort. However, this dismissal provides County Court the opportunity to amend the judgment of conviction to reflect the denial of the suppression motion, and defendant could then appeal as of right from the amended judgment of conviction (see CPL 450.10 [1]).
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed.



Footnotes

Footnote 1: The Second Circuit further directed that a new trial must take place within 180 days if the state court's voluntariness determination resulted in a finding that defendant was entitled to that relief.