People v Roots (2022 NY Slip Op 06617)

People v Roots

2022 NY Slip Op 06617

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

896 KA 18-00337

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE G. ROOTS, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIE G. ROOTS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 10, 2017. The judgment convicted defendant upon a plea of guilty of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]). As defendant contends in his main and pro se supplemental briefs, and as the People correctly concede, he did not validly waive his right to appeal because County Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of that waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021]).
Defendant failed to move to withdraw his plea or to vacate the judgment of conviction, and thus he failed to preserve for our review his further contention in his main and pro se supplemental briefs that his plea was coerced by the court (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends in his main and pro se supplemental briefs that he received ineffective assistance of counsel based on multiple alleged shortcomings. Specifically, defendant contends in those briefs that defense counsel was ineffective in failing to challenge certain show-up identification procedures utilized after his arrest and contends in his pro se supplemental brief that defense counsel was ineffective in failing to take certain action related to the grand jury proceedings and in failing to seek severance of certain counts. Those contentions do not survive defendant's guilty plea because he failed to demonstrate that " 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Grandin, 63 AD3d 1604, 1604 [4th Dept 2009], lv denied 13 NY3d 744 [2009]).
Defendant also contends in his main and pro se supplemental briefs, however, that defense counsel was ineffective by failing to move to suppress evidence against him on the [*2]ground that the police unlawfully seized him without reasonable suspicion (see generally People v De Bour, 40 NY2d 210, 223 [1976]). We agree.
To prevail on his claim of ineffective assistance of counsel, defendant "must demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to pursue colorable claims," and "[o]nly in the rare case will it be possible, based on the trial record alone, to deem [defense] counsel ineffective for failure to pursue a suppression motion" (People v Carver, 27 NY3d 418, 420 [2016] [internal quotation marks omitted]). Initially, we conclude that the record establishes that defense counsel could have presented a colorable argument that defendant's detention was illegal and thus that any evidence obtained as a result thereof should have been suppressed as the fruit of the poisonous tree. One of the officers who initially detained defendant testified at a Huntley/Wade hearing that, prior to defendant's arrest, one of the victims of a home invasion had described the suspects as two black men in their twenties, one of whom was wearing a hoodie "with some kind of emblem on the front." About a half-hour later, the officer heard a broadcast of a tip from an unidentified retired police officer. The tip, as testified to at the hearing, reported "two [black] males [in their twenties] inside [a] corner store that possibly looked suspicious" with one that "might" have had "a handgun on his side" and another that was wearing a "teddy bear type hoodie," which was later described as a hoodie with a teddy bear on the front. Based on that tip, officers responded to the corner store, entered with weapons drawn, and immediately ordered the two men, one of whom was defendant, to raise their hands. The officer testified, however, that the men were not acting suspiciously nor did she observe a weapon when she and her partner entered the store. While handcuffing defendant, the officer for the first time observed a handgun in defendant's waistband, saw blood on defendant's hoodie, and obtained statements from defendant. Defendant was thereafter taken for show-up identifications, during which the victims of the prior home invasion identified him as one of the men involved in that incident.
Given those facts, it cannot be said that a motion seeking suppression on the ground that defendant was unlawfully detained would have had "little or no chance of success" (People v Clark, 191 AD3d 1471, 1473 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; see generally People v Carter, 142 AD3d 1342, 1343 [4th Dept 2016]), and instead those facts demonstrate that defense counsel failed to pursue a "colorable claim[]" that could have led to suppression (Carver, 27 NY3d at 420 [internal quotation marks omitted]). The vague description of the perpetrators of the home invasion obtained from one of the victims of that incident matched defendant only as to his general age and skin color. The victim's description of the clothing of one of the perpetrators—a hoodie with an emblem—did not on its face match the description provided by the unidentified tipster of the clothing worn by one of the people observed in the corner store—a "teddy bear type hoodie" (see generally People v Thorne, 207 AD3d 73, 77-78 [1st Dept 2022]; People v Noah, 107 AD3d 1411, 1412-1413 [4th Dept 2013]; People v Ross, 251 AD2d 1020, 1021 [4th Dept 1998], lv denied 92 NY2d 882 [1998]). The report from the unidentified tipster likewise did not provide the officers with reasonable suspicion inasmuch as it merely reported "possibl[e]" activity that the men "might" have been engaged in, and the officers did not observe any suspicious, much less criminal, activity before detaining defendant at gunpoint (see generally People v Moore, 6 NY3d 496, 499-500 [2006]).
Based on the record before us, we further conclude that defense counsel's failure to move to suppress evidence on the basis of defendant's allegedly unlawful detention was not part of a legitimate pretrial strategy. The record demonstrates that defense counsel prepared such a motion to suppress evidence on that basis, indicated an intent to make that motion, and simply failed to file the motion despite having been twice informed by the court of the need to do so given the People's refusal to consent to a hearing regarding the legality of the detention without such a motion. Further, because the court held a more limited suppression hearing, i.e., the Huntley/Wade hearing, there is no discernable reason why the scope of that hearing, and the court's resulting decision, could not have been expanded had defense counsel properly filed the prepared motion papers. Thus, this is not a case where defense counsel opted to pursue a more favorable plea deal in lieu of pretrial motions and hearings (cf. People v Davis, 119 AD3d 1383, 1383-1384 [4th Dept 2014], lv denied 24 NY3d 960 [2014]).
We further conclude that defendant's contention survives his guilty plea inasmuch as the error in failing to seek suppression on that basis infected the plea bargaining process because suppression of the challenged evidence would have resulted in dismissal of at least some of the [*3]indictment (see Carter, 142 AD3d at 1343).
In light of our determination, we do not address defendant's remaining contentions raised in his pro se supplemental brief.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court