People v Conley (2025 NY Slip Op 00597)

People v Conley

2025 NY Slip Op 00597

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

941 KA 24-00381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAITLYN CONLEY, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT.

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), rendered February 23, 2024. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated, and count 1 of the indictment is dismissed without prejudice to the People to re-present any appropriate charge with respect to such dismissed count to another grand jury.
Memorandum: Defendant appeals, by permission of this Court, from an order that denied her motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction on the ground that she was denied effective assistance of counsel. Defendant was convicted upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) for the 2015 death of Mary Yoder from colchicine toxicity. During the course of its investigation into Yoder's death, the Oneida County Sheriff's Office (OCSO) obtained a warrant authorizing it to "seize" defendant's cell phone and, "without unnecessary delay, return it to th[e] [c]ourt." OCSO thereafter seized defendant's cell phone but, rather than return it to the warrant-issuing court, delivered it to a cybersecurity and forensics center, where a forensic examination and memory extraction was conducted. The examination revealed, inter alia, that the words "poison" and "colchicine" showed up multiple times in the cell phone's user dictionary, and that an email account used to acquire colchicine had been logged into on the cell phone. The information extracted from the cell phone was then used to further OCSO's investigation, including eliciting defendant's admission that she had purchased a prepaid debit card that had been used to acquire colchicine through an online chemical vendor. Defendant was subsequently indicted for, inter alia, murder in the second degree (Penal Law § 125.25 [1]) for intentionally causing Yoder's death. Defendant's first trial ended in a hung jury. In the second trial, the jury found defendant not guilty of murder in the second degree and guilty of manslaughter in the first degree, which had been submitted to the jury as a lesser included offense of murder in the second degree. We affirmed the judgment on direct appeal (People v Conley, 192 AD3d 1616 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]).
Defendant thereafter brought a CPL 440.10 (1) (h) motion contending that she was denied effective assistance of counsel under the Federal and New York State Constitutions by, inter alia, defense counsels' failure to move to suppress evidence obtained through the search of her cell phone on the ground that the search exceeded the scope of the warrant and the warrant was facially invalid for lack of particularity. County Court, following a hearing, denied defendant's motion. Defendant now appeals, and we reverse.
Preliminarily, we agree with defendant that the court erroneously concluded that, on her direct appeal, we considered and rejected her contention with respect to ineffective assistance insofar as it relates to suppression of the cell phone records. In our decision on the direct appeal, we concluded that defendant's "contention that the search warrant failed to meet the particularity requirement [was] unpreserved" and "decline[d] to exercise our power to review that contention as a matter of discretion in the interest of justice" (Conley, 192 AD3d at 1618), leaving defendant's ineffective assistance contention based on evidence outside the record for a subsequent CPL 440.10 motion (Conley, 192 AD3d at 1621). Further, contrary to the People's assertion, the fact that defendant's first trial ended in a mistrial does not preclude defendant from contending in her CPL 440.10 motion that the failure to seek suppression of evidence in the omnibus motion filed before the first trial on the grounds that the search exceeded the scope of the warrant and the warrant lacked particularity denied her effective assistance of counsel. We note that the failure to make a proper suppression motion in the first trial resulted in the introduction of evidence extracted from her cell phone by the People in the second trial (see generally People v Parilla, 214 AD3d 1399, 1402 [4th Dept 2023], lv denied 40 NY3d 936 [2023]).
With respect to the merits of defendant's CPL 440.10 motion, where, as here, "a defendant contends that they received ineffective assistance of counsel under both the Federal and New York State Constitutions, 'we evaluate the claim using the state standard, which affords greater protection than its federal counterpart' " (People v Mastin, 232 AD3d 1268, 1269 [4th Dept 2024], lv denied — NY3d — [2024]; see People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]). "In New York, the standard for an ineffective assistance of counsel claim is whether the defendant was afforded 'meaningful representation' and, while significant, the prejudice component of an ineffective assistance claim is not necessarily indispensable" (People v Bank, 28 NY3d 131, 137 [2016]; see People v Baldi, 54 NY2d 137, 147 [1981]; People v Oliver, 162 AD3d 1722, 1723 [4th Dept 2018]). Thus, "[w]hile the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Benevento, 91 NY2d 708, 714 [1998]; see Oliver, 162 AD3d at 1723).
We agree with defendant that she was denied effective assistance of counsel inasmuch as defense counsel failed to properly move to suppress the evidence obtained from her cell phone. "[I]ndiscriminate searches pursuant to general warrants 'were the immediate evils that motivated the framing and adoption of the Fourth Amendment' " (People v Brown, 96 NY2d 80, 84 [2001], quoting Payton v New York, 445 US 573, 583 [1980]). A person's cell phone now contains at least as much personal and private information as their home and, thus, indiscriminate searches of cell phones cannot be permitted (see People v Ozkaynak, 217 AD3d 1376, 1377-1378 [4th Dept 2023], lv denied 40 NY3d 998 [2023]; People v Thompson, 178 AD3d 457, 458-459 [1st Dept 2019]). As defendant correctly contends, the forensic examination and memory extraction of her cell phone's contents exceeded the scope of the warrant, which only authorized OCSO to seize the cell phone and return it to the court (see People v Velez, 138 AD3d 1041, 1042 [2d Dept 2016], lv denied 28 NY3d 938 [2016]; People v Blakeslee, 66 Misc 3d 375, 381 [Ithaca City Ct 2019]; see generally Riley v California, 573 US 373, 386 [2014]). Furthermore, the warrant failed to meet the particularity requirement inasmuch as it, inter alia, did not "specify the items to be seized by their relation to designated crimes" (People v Saeli, 219 AD3d 1122, 1124 [4th Dept 2023] [internal quotation marks omitted]; see People v Wiggins, 229 AD3d 1095, 1096-1097 [4th Dept 2024]; see generally Riley, 573 US at 386). Thus, we conclude that defendant "established that a motion to suppress would likely be successful, and that defense counsel had no strategic or other legitimate explanation for not moving to suppress the evidence" (People v Dealmeida, 124 AD3d 1405, 1407 [4th Dept 2015]; see Riley, 573 US at 386; Wiggins, 229 AD3d at 1096-1097).
Even assuming that defense counsels' failure to properly move to suppress evidence obtained from defendant's cell phone constituted, in effect, a single error in otherwise competent representation of defendant, we conclude that the failure was sufficiently egregious and prejudicial as to compromise her right to a fair trial (see generally People v Turner, 5 NY3d 476, 480 [2005]; People v Carter, 142 AD3d 1342, 1343 [4th Dept 2016]). Although much of the information recovered from the improper search of defendant's cell phone was later available to the People from an alternate source, that source was not available when OCSO elicited [*2]defendant's admission to having purchased a prepaid debit card that was used to acquire colchicine. Further, the People's repeated assertions during the second trial that incriminating evidence of defendant's efforts to research and, ultimately, acquire colchicine had been recovered directly from her personal cell phone, and not from an alternate source, undermined defense counsel's theory of the case that Yoder's son had committed the murder and then attempted to frame defendant for it.
Therefore, we reverse the order, grant the motion, vacate the judgment of conviction, and dismiss count 1 of the indictment. Inasmuch as defendant was convicted only of a lesser included offense for which she was not indicted, the dismissal of count 1 is without prejudice to the People to re-present any appropriate charge with respect thereto to another grand jury (see People v Nieves, 67 NY2d 125, 136 [1986]; People v Gonzalez, 61 NY2d 633, 634-635 [1983]).
In light of our determination, we decline to review defendant's remaining contentions.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court