People v Wyatt (2026 NY Slip Op 00720)

People v Wyatt

2026 NY Slip Op 00720

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

918 KA 24-01312

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vDIONEDRE B. WYATT, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered June 5, 2024. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by remitting the matter to Monroe County Court for a suppression hearing and as modified the judgment is affirmed in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from an encounter during which a police officer discovered a gun in defendant's front pocket while in a gas station convenience store after the officer received information from a 911 call that a person matching defendant's description was observed with a cell phone or a gun.
Defendant contends that his conviction is not supported by legally sufficient evidence because the People failed to establish that the gas station convenience store was not defendant's place of business. We reject that contention. Here, the evidence at trial established that defendant possessed the weapon outside of the gas station convenience store and, thus, even assuming, arguendo, that the gas station convenience store was defendant's place of business, we conclude that the evidence of possession outside of the gas station convenience store is legally sufficient to support the conviction (see People v Anderson, 236 AD3d 1424, 1425 [4th Dept 2025], lv denied 43 NY3d 1006 [2025]; People v Hawkins, 110 AD3d 1242, 1242-1243 [3d Dept 2013], lv denied 22 NY3d 1041 [2013]). We further reject defendant's contention that his conviction is not supported by legally sufficient evidence because the People failed to prove that he did not have a license for the gun. Defendant, and not the People, had the burden of asserting, as a defense, that he possessed an appropriate firearms license, and defendant did not do so (see People v David, 41 NY3d 90, 96 [2023]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that defense counsel was ineffective by failing to move to suppress the gun on the ground that the police encounter was unlawful (see People v Carter, 142 AD3d 1342, 1343 [4th Dept 2016]; see generally People v De Bour, 40 NY2d 210, 222-223 [1976]). Here, suppression of the gun would have been dispositive of the sole count of the indictment of which defendant was convicted (see Carter, 142 AD3d at 1343; see also People v Evans, 243 AD3d 1338, 1339 [4th Dept 2025]).
To prevail on his claim of ineffective assistance of counsel, defendant "must demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to pursue colorable claims," and "[o]nly in the rare case will it be possible, based on the trial record alone, [*2]to deem [defense] counsel ineffective for failure to pursue a suppression motion" (People v Carver, 27 NY3d 418, 420 [2016] [internal quotation marks omitted]; see People v Roots, 210 AD3d 1532, 1533-1534 [4th Dept 2022]). We conclude that the record establishes that defense counsel could have presented a colorable argument that the police officer's actions were either not justified at the inception of the encounter or otherwise not reasonably related in scope to the circumstances presented (see De Bour, 40 NY2d at 215). Here, the officer's encounter with defendant was based on a 911 call from a security guard at a nearby restaurant who said that he observed a man who had what "looks like a black phone, but then again . . . looks like a gun." The security guard provided a description of the individual, and the guard said that he could not be sure, but that he thought the man might have been part of a dispute that had taken place at the restaurant earlier in the day. Notably, County Court held a Huntley hearing at which the arresting officer testified, but the testimony of the officer as well as his body cam footage, which was admitted at the hearing, presented a " 'close [question] under [the] complex De Bour jurisprudence' " regarding the legality of the police encounter (Carter, 142 AD3d at 1343, quoting People v Clermont, 22 NY3d 931, 934 [2013]).
We further conclude from this record that defense counsel's failure to seek suppression of the gun was not part of a legitimate pretrial strategy. The record reflects that defense counsel, or at least stand-in counsel, requested a probable cause hearing, but then failed to follow through with that request. Further, the court informed defendant on two occasions leading up to the Huntley hearing that he would have the chance to challenge the legality of the police encounter. There is no discernible reason why that hearing could not have been expanded to afford defense counsel an opportunity to make such a challenge had defense counsel merely requested permission to do so.
In light of the foregoing, we conclude that " 'defendant is entitled to a suppression hearing' with respect to the legality of the police encounter" (Carter, 142 AD3d at 1343, quoting People v Bilal, 27 NY3d 961, 962 [2016]), and we therefore conditionally modify the judgment by remitting the matter to County Court for further proceedings (see id.; see generally Clermont, 22 NY3d at 934; Evans, 243 AD3d at 1339). In the event that defendant prevails at the suppression hearing, the judgment is reversed and the indictment is dismissed and, if the People prevail, then the judgment "should be amended to reflect that result" (Clermont, 22 NY3d at 932; see Evans, 243 AD3d at 1339; People v Layou, 114 AD3d 1195, 1198-1199 [4th Dept 2014]; see also People v Layou, 134 AD3d 1510, 1511 [4th Dept 2015], lv denied 27 NY3d 1070 [2016], reconsideration denied 28 NY3d 932 [2016]).
We reject defendant's contention that the sentence is unduly harsh and severe. Finally, we have considered defendant's remaining contention and conclude that it does not warrant further modification or reversal of the judgment.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court